IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| In re MARCUS SAENZ | § | CASE NO. 10-12422-hcm |
| Debtor | § | Chapter 7 |

UNITED STATES TRUSTEE'S MOTION TO DISMISS CASE
WITH PREJUDICE TO REFILE FOR ONE YEAR
AND TO EXTEND TIME FOR DISCHARGE

**AN ORDER MAY BE ENTERED FOR THE RELIEF REQUESTED HEREIN WITHOUT FURTHER HEARING UNLESS A WRITTEN OBJECTION AND REQUEST FOR HEARING IS FILED WITH THE CLERK OF THE COURT WITHIN TWENTY ONE (21) DAYS OF THE DATE OF SERVICE OF THIS MOTION.**

**ANY SUCH OBJECTION MUST ALSO BE SERVED UPON THE MOVING PARTY AND UPON ALL OTHER PERSONS INDICATED ON THE CERTIFICATE OF SERVICE ATTACHED TO THIS PLEADING.**

TO THE HONORABLE H. CRISTOPHER MOTT, UNITED STATES BANKRUPTCY JUDGE:

COMES NOW, JUDY A. ROBBINS, United States Trustee for Region 7 ("UST"), through the undersigned counsel files this Motion to Dismiss Case, and in support thereof, respectfully shows the Court as follows:

1. The Court has jurisdiction of this matter under 28 U.S.C. § 1334(a) and (b), 28 U.S.C. § 157(a) and (b)(1) and 28 U.S.C. § 151. This is a core proceeding under 28 U.S.C. § 157(b)(2)(A) and (B). This Motion is filed pursuant to 11 U.S.C. §§ 109(h), 341(a), 343, 707(a), Fed R. Bankr. P. 4002 and 4004(c)(1)(D) and Local Bankruptcy Rule 1017.

2. Marcus Saenz ("Debtor") filed a voluntary petition for relief under Chapter 7 of Title 11 United States Code on August 31, 2010. Randolph N. Osherow was appointed to serve as Chapter 7 trustee in this case and continues to serve in that capacity. Debtor is represented by counsel Jeffrey S. Kelly. This case has not previously been converted from another Chapter of

1

Title 11.

3. On December 1, 2003, Mr. Saenz filed for Chapter 7, case number 03-16065. He received a discharge in the 2003 case. Mr. Saenz is not entitled to another discharge pursuant to 11 U.S.C. § 727(a)(8).

4. However, Debtor filed a second bankruptcy, a Chapter 11, case number 08-12398, in which Debtor sought dismissal after only 41 days into the bankruptcy. In that case, Debtor acknowledged the case was filed the day before foreclosure to prevent the foreclosure on real estate. Since he was not entitled to a discharge, the filing appears to be simply a tactic to stop the foreclosure.

5. The present case appears to be filed in a similar fashion to the 2008 case, i.e. Mr. Saenz filed a bankruptcy petition pro se on the eve of a scheduled eviction in order to stop that proceeding. The schedules filed in the present case are similar to the schedules filed in 2008, including the lack of wearing apparel on Schedule B and a reference to household goods itemized in the 2008 case, but not in the present case. Because of the similarity between the two cases and what appears to be an unrealistic, or incomplete, budget in the present case, it is probable that Debtor did not provide complete and accurate information in the present case. Given the repeated use of the bankruptcy process causing an unreasonable delay that is prejudicial to creditors, dismissal with prejudice to refile for a period of time is appropriate.

6. Additional support for the concern about Debtor's candor with the Court and compliance with bankruptcy requirements is Debtor's failure to report a March 25, 2010 Order to Enforce Judgment, entered in a state district court case and attached hereto and incorporated herein as Exhibit A. The judge stated his finding that the residence was NOT exempt property. This is the

same property that Debtor was scheduled to be evicted from the day he filed his pro se petition. On information and belief this order has not been appealed. Nevertheless, Debtor scheduled the residence as exempt in his bankruptcy proceeding and made no reference to a court order finding to the contrary.

7. The original first meeting of creditors was scheduled for October 7, 2010, pursuant to 11 U.S.C. §§ 341 and 343. Debtor's counsel filed a Motion to Continue the § 341 meeting the day before the scheduled meeting, which did not provide adequate notice to the creditors who planned on attending the meeting. Pursuant to 11 U.S.C. § 341(a) and 343, debtors are required to appear to be examined at the Section 341 Meeting. Debtor failed to appear at the meeting even though such attendance was not excused. Debtor's failure to appear at the Section 341 Meeting is cause for dismissal of this case pursuant to 11 U.S.C. §§ 707(a), 341(a), 343 and Fed R. Bankr. P. 4002.

8. Debtor filed a statement of Compliance with Credit Counseling Requirement that he had been unable to obtain such services. The statement of compliance is clear about the procedure required to be followed in these instances and Debtor has made no effort to follow the procedures. This case should be dismissed. [1]

9. The Court has set a deadline for discharge and dischargeability complaints under 11 U.S.C. §§ 523 and 727 for December 6, 2010. The UST asserts that it, in addition to Debtor not being eligible for a discharge, would be inappropriate for Debtors to receive a discharge while this motion to dismiss is pending. Fed. R. Bankr. P. 4004(c)(1)(D).

---

[1] Debtor filed a certificate on September 14, 2010. No effort was made to follow the stated procedures for compliance with § 109. Debtor failed to file a timely Credit Counseling Certificate or attempt to comply with procedures set forth for filing a late Certificate; therefore, Debtor has not complied with the applicable provisions of Bankruptcy Code section 109 and Debtor is not eligible for relief under the Bankruptcy Code.

WHEREFORE, premises considered, the UST respectfully requests the Court enter an Order dismissing this case pursuant to 11 U.S.C. §§ 109(h) and 707(a). The UST further requests that while this Motion is pending, and if granted, that the Court not grant a discharge to the Debtor pursuant to Fed. R. Bankr. P. 4004(c)(1)(D) and for such other and further relief as may be just and proper.

Respectfully submitted,
JUDY A. ROBBINS
UNITED STATES TRUSTEE REGION 7

By: */s/ Deborah A. Bynum*
Deborah A. Bynum
Trial Attorney
SBT No. 03556250
903 San Jacinto Blvd., Room 230
Austin, Texas 78701
Telephone: (512) 916-5328
FAX: (512) 916-5331
Deborah.A.Bynum@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that I forwarded a true and correct copy of the foregoing United States Trustee's Motion to Dismiss Case by prepaid first class mail and/or by electronic means for all Pacer system participants to the parties listed on Debtor's Mailing Matrix on this the 19th day of October, 2010.

*/s/ Deborah A. Bynum*
Deborah A. Bynum

CAUSE NO. D-1-GN-08-001521

| | | |
|---|---|---|
| JACKIE McLENDON,<br>Plaintiff, | § § § | IN THE DISTRICT COURT OF |
| v. | § § | TRAVIS COUNTY, TEXAS |
| MARK SAENZ, DANIEL OLIVAREZ,<br>and SAENZ INVESTMENTS, L.P.,<br>Defendants. | § § § | 250TH JUDICIAL DISTRICT |

## ORDER TO ENFORCE JUDGMENT

After considering *Plaintiff, Jackie McLendon's Motion to Enforce Judgment*, the Court finds that Defendant Mark Saenz' residence located at 7051 Gilbert Road, Manor, Texas 78653 is not exempt from seizure under Texas law.

Therefore, the Court GRANTS *Plaintiff, Jackie McLendon's Motion to Enforce Judgment* and ORDERS that Defendant Mark Saenz execute a deed to turn-over his property located at 7051 Gilbert Road, Manor, Texas 78653 to the Travis County Constable, Precinct One and vacate the premises.

SIGNED this 25th day of March, 2010

_____
PRESIDING JUDGE